| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| DISTRICT OF DELAWARE |
| Case number *(if known)* _____    Chapter  **11** |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    4/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Cedar Haven Acquisition, LLC** |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **47-1518400** |
| 4. | Debtor's address | **Principal place of business**<br><br>**590 South 5th Avenue**<br>**Lebanon, PA 17042-9154**<br>Number, Street, City, State & ZIP Code<br><br>**Lebanon**<br>County | **Mailing address, if different from principal place of business**<br><br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | www.cedarhaven.healthcare |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor **Cedar Haven Acquisition, LLC**        Case number (*if known*)
      Name

**7. Describe debtor's business**

A. *Check one:*

- ■ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☐ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
    **6231**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

- ■ No.
- ☐ Yes.

If more than 2 cases, attach a separate list.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ■ No
- ☐ Yes.

List all cases. If more than 1, attach a separate list

Debtor _____  Relationship _____
District _____  When _____  Case number, if known _____

Debtor  **Cedar Haven Acquisition, LLC**    Case number (*if known*) _____
　　　　　Name

**11. Why is the case filed in this district?**　*Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ■ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
- ☐ No
- ☐ Yes. Insurance agency _____
  Contact name _____
  Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**　*Check one:*

- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**
- ☐ 1-49
- ☐ 50-99
- ☐ 100-199
- ■ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**15. Estimated Assets**
- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ■ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**
- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ■ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

Debtor    **Cedar Haven Acquisition, LLC**                                        Case number (*if known*)
          Name

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **August 2, 2019**
               MM / DD / YYYY

X  *[signature]*                                              **Charles B. Blalack**
Signature of authorized representative of debtor               Printed name

Title   **Managing Partner**

**18. Signature of attorney**

X  *[signature]*                                              Date   **August 2, 2019**
Signature of attorney for debtor                                      MM / DD / YYYY

**William E. Chipman, Jr.**
Printed name

**Chipman Brown Cicero & Cole, LLP**
Firm name

**Hercules Plaza**
**1313 North Market Street, Suite 5400**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **(302) 295-0191**       Email address    **chipman@chipmanbrown.com**

**3818 DE**
Bar number and State

# United States Bankruptcy Court
## District of Delaware

In re  **Cedar Haven Acquisition, LLC**                                 Case No.
                                        Debtor(s)                        Chapter  **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Michael D. D'Arcangelo** | | 5 | Membership |
| **Stone Barn Holdings, LLC** | | 95 | Membership |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Managing Partner** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  **August 2, 2019**                            Signature  *CHS B. BL*
                                                                **Charles B. Blalack**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

**Fill in this information to identify the case:**

Debtor name: Cedar Haven Acquisition, LLC
United States Bankruptcy Court for the: DISTRICT OF DELAWARE
Case number (if known):

☐ Check if this is an amended filing

## Official Form 204
### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Select Rehabilitation, LLC P.O. Box 71985 Chicago, IL 60694-1985 | Diane Gianos Walker, Esquire dwalker@walkermortonllp.com (312) 471-2901 | Litigation | Contingent Unliquidated Disputed | | | $1,917,004.50 |
| Culinary Services Group LLC 1135 Business Parkway South Suite 10 Westminster, MD 21157 | Elizabeth A. Ware, Esquire eaw@stevenslee.com (610) 478-2210 | Litigation | Contingent Unliquidated Disputed | | | $1,327,975.53 |
| Hands-On-Nursing Agency, Inc. P.O. Box 806 Lebanon, PA 17042 | Greer H. Anderson, Esquire (717) 272-6646 | Litigation | Contingent Unliquidated Disputed | | | $727,830.47 |
| Aureus Nursing LLC P.O. Box 3037 Omaha, NE 68103-0037 | Nicholas A. Buda, Esquire nbuda@bairdholm.com (402) 344-0500 | Litigation | Contingent Unliquidated Disputed | | | $601,056.50 |
| Maximum Healthcare Services 11877 Collections Center Drive Chicago, IL 60693 | Brian M. Marriott, Esquire bmarriott@marriottlawoffices.com (215) 938-0880 | Litigation | Contingent Unliquidated Disputed | | | $583,137.73 |
| Healthcare Services Group, Inc. P.O. Box 829677 Philadelphia, PA 19182-9677 | | Trade | | | | $473,739.51 |

Debtor   **Cedar Haven Acquisition, LLC**                                      Case number *(if known)*
         Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Medline Industries Inc. Box 382075 Pittsburgh, PA 15251 | | Trade | | | | $231,300.00 |
| Yessin & Associates 2102 West Cass Street 2nd Floor Tampa, FL 33606 | (813) 258-1773 | Trade | | | | $177,898.51 |
| Pharmscript, LLC 150 Pierce Street Somerset, NJ 08873 | (877) 290-1812 | Trade | | | | $167,731.16 |
| Pharmerica Drug Systems, LLC P.O. Box 409251 Atlanta, GA 30384 | Daniel Fleming, Esquire dfleming@wongfleming.com (215) 546-2776 | Litigation | Contingent Unliquidated Disputed | | | $143,344.00 |
| Manheim Medical Supply Inc. P.O. Box 9065 Lancaster, PA 17604 | | Trade | | | | $109,399.71 |
| Burkhardt Mechanical Inc. P.O. Box 6767 Reading, PA 19610 | | Trade | | | | $95,345.55 |
| Day Pitney LLP P.O. Box 416234 Boston, MA 02241-6234 | | Trade | | | | $88,141.15 |
| Jackson Therapy Partners, LLC P.O. Box 277637 Atlanta, GA 30384-7637 | | Trade | | | | $78,660.00 |
| WellSpan Good Samaritan Hospital P.O. Box 15119 York, PA 17405 | | Trade | | | | $77,092.38 |
| General Healthcare Resources Inc. 2250 Hickory Road Suite 240 Plymouth Meeting, PA 19462 | (610) 834-7525 | Trade | | | | $68,201.25 |
| PRN Funding, LLC P.O. Box 637924 Cincinnati, OH 45263-7924 | (216) 504-1002 | Trade | | | | $62,288.24 |

Debtor   **Cedar Haven Acquisition, LLC**                                    Case number *(if known)*
         Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim <br> If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Harmony Healthcare International, Inc. <br> 430 Boston Street <br> Suite 104 <br> Topsfield, MA 01983 | | Trade | | | | $48,784.63 |
| Meritain Health <br> P.O. Box 223881 <br> Pittsburgh, PA 15250 | | Trade | | | | $48,569.68 |
| Capital Blue Cross <br> P.O. Box 779515 <br> Harrisburg, PA 17177-9615 | | Trade | | | | $43,729.40 |

**Fill in this information to identify the case:**

Debtor name    **Cedar Haven Acquisition, LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **August 2, 2019**          X  /s/ Charles B. Blalack
                                              Signature of individual signing on behalf of debtor

                                              **Charles B. Blalack**
                                              Printed name

                                              **Managing Partner**
                                              Position or relationship to debtor

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CEDAR HAVEN ACQUISITION, LLC,[1] | Case No. 19- |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rule of Bankruptcy Procedure, the following are corporation(s), other than a governmental unit, that directly or indirectly own 10% or more of any class of the debtor's equity interests:

Stone Barn Holdings, LLC

---

[1] The Debtor in this case, along with the last four digits of the federal tax identification numbers, is Cedar Haven Acquisition, LLC (8400). The mailing address for the Debtor is 590 South 5th Avenue, Lebanon, Pennsylvania 17042.

# WRITTEN CONSENT
# OF THE MANAGER AND MAJORITY IN INTEREST OF
# CEDAR HAVEN ACQUISITION, LLC

August 2, 2019

The undersigned, being the manager (the "**Manager**") of Cedar Haven Acquisition, LLC, a Delaware limited liability company (the "**Company**"), and the holder of a majority of the percentage interest of the Company (the "**Majority in Interest**"), in accordance with (i) Section 4.3 of the Limited Liability Company Agreement of the Company (the "**Operating Agreement**"), and (ii) the Delaware Limited Liability Company Act, as amended, hereby takes the following actions by written consent.  Unless otherwise herein stated, capitalized terms shall have the meanings given to them in the Operating Agreement:

**WHEREAS**, the Manager and Majority in Interest have considered the financial and operational conditions of the Company; and

**WHEREAS**, the Manager and Majority in Interest have reviewed, considered and received the recommendation of senior management of the Company and the advice of the Company's professionals and advisors with respect to the options available to the Company, including the possibility of pursuing a restructuring or sale of the Company's business and assets under title 11 of the United States Code (the "**Bankruptcy Code**");

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that after consideration of the alternatives presented to it and the recommendations of senior management of the Company and the advice of the Company's professionals and advisors, the Manager and Majority in Interest have determined in their business judgment that it is in the best interest of the Company, its creditors, interest holders, and other interested parties that a voluntary petition be filed by the Company seeking relief under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Petition**"), and the filing of such Petition be, and it hereby is, authorized in all respects; and it is

**FURTHER RESOLVED**, that Charles B. Blalack, such other or additional persons as designated by the Company, and any other officer or person designated hereby are appointed as authorized signatories and representatives in connection with the bankruptcy proceeding authorized herein (collectively, the "**Authorized Representatives**"); and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized, directed, and empowered on behalf of the Company to execute and verify a Petition in the name of the Company under the Bankruptcy Code and to cause the same to be filed, in such form and at such time as the Authorized Representatives shall determine; and it is

**FURTHER RESOLVED**, that the Authorized Representatives, and each of them, with full authority to act without others, hereby is, authorized and directed to obtain postpetition financing and/or use of cash collateral according to the terms negotiated and approved by the Authorized Representatives, including under one or more debtor-in-possession credit facilities; and to enter into any guarantees and to pledge and grant liens on the Company's assets as

contemplated by or required under the terms of such postpetition financing; and, in connection therewith, the Authorized Representatives are hereby authorized and directed to execute appropriate loan agreements and related ancillary documents; and it is

**FURTHER RESOLVED,** that the Authorized Representatives, and each of them, with full authority to act without others, hereby is, authorized and directed to work with the Company's advisors to effectuate a restructuring under section 1129 of the Bankruptcy Code, or sale of substantially all of the Company's assets under section 363 of the Bankruptcy Code; and to file all necessary motions and papers in the United States Bankruptcy Court for the District of Delaware to obtain approval of such restructuring or sale, according to the terms negotiated and approved by the Authorized Representatives; and, in connection therewith, the Authorized Representatives are hereby authorized and directed to execute appropriate agreements and related ancillary documents; and it is

**FURTHER RESOLVED**, that the Authorized Representatives, and each of them, with full authority to act without others, hereby is, and any employees or agents (including counsel) designated by or directed by such Authorized Representatives, be, and each hereby is, authorized and empowered to cause the Company and such of its affiliates as any Authorized Representative deems appropriate to enter into, to execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, and to take such other actions, as in the judgment of such officer shall be necessary, proper, and desirable to prosecute to a successful completion the Company's chapter 11 case, to effectuate the restructuring of the Company's debt, other obligations, organizational form and structure, and ownership of the Company and its subsidiaries consistent with the foregoing resolutions and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to negotiate, execute, verify and file, or cause to be executed, verified, and filed (or direct others to do so on their behalf, as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in that connection to employ and retain all assistance by legal counsel, financial advisors, accountants or other professionals and to take any and all action which such Authorized Representative deems necessary and proper in connection with the bankruptcy case; and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized and directed on behalf of and in the name of the Company to employ the law firm of Chipman Brown Cicero & Cole, LLP ("**CBCC**") as bankruptcy counsel to assist the Company in filing for relief under chapter 11 of the Bankruptcy Code and in carrying out the Company's duties under chapter 11 of the Bankruptcy Code, and the Authorized Representatives of the Company are hereby authorized and directed to execute retention agreements, pay retainers prior to, immediately upon, and after the filing of the bankruptcy case, and to execute and cause to be filed an application for authority to retain CBCC as the Company's bankruptcy counsel; and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized and directed to retain Stretto ("**Stretto**") as claims and noticing agent, and the Authorized Representatives are hereby authorized and directed to execute retention agreements, pay retainers prior to, immediately upon and after the filing of the bankruptcy case, and to execute and cause to be filed an application for authority to retain the services of Stretto as the Company's claims and noticing agent; and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized and directed to retain and employ any other professionals or consultants to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Authorized Representatives are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to, and immediately upon and after the filing of the bankruptcy case, and to execute and cause to be filed an application for authority to retain the services of such firms; and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized, directed, and empowered for and in the name and on behalf of the Company to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions; and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized, directed, and empowered, in the name and on behalf of the Company to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and when necessary or appropriate, file or cause to be filed with the appropriate governmental authorities or otherwise, all such further agreements, documents, reports, certificates, and undertakings and any amendments, supplements, or modifications thereto; and to incur and to pay all such fees and expenses and to engage such persons as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is

**FURTHER RESOLVED**, that all instruments, agreements, certificates, consents, waivers, or other documents heretofore executed and delivered (or caused to be executed and delivered) and all acts lawfully done or actions lawfully taken by the Manager or any officer or other duly authorized agent acting by or under the direction of the Manager, in connection with the bankruptcy case, including, without limitation, obtaining financing or obtaining authorization to use cash collateral pursuant to a budget, or any further action to seek relief on behalf of the Company under the Bankruptcy Code, or in connection with the bankruptcy case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company.

**IN WITNESS WHEREOF**, the undersigned being the Manager and Majority in Interest of the Company hereby consents to and approves and adopts these resolutions as of the date set forth above.

**MANAGER AND MAJORITY IN INTEREST:**

**STONE BARN HOLDINGS, LLC**

By: _____

Its: _Managing Partner_