## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CEDAR HAVEN ACQUISITION, LLC,[1] | Case No. 19-11736 (CSS) |
| Debtor. | |

### OBJECTION OF 590 SOUTH 5TH AVENUE, LLC TO CONFIRMATION OF THE DEBTOR'S FIRST AMENDED COMBINED DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION

590 South 5th Avenue, LLC (the "**Landlord**"), by and through its undersigned counsel, submits the following objection to confirmation of the First Amended Combined Disclosure Statement and Plan of Reorganization filed by the debtor, Cedar Haven Acquisition, LLC (the "**Debtor**").  The Landlord consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## I.    INTRODUCTION

The Plan does not meet the requirements of, *inter alia*, section 1129(a)(1) or section 1129(a)(11) of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**")[2].  First, it does not meet section 1129(a)(1) as it does not comply with section 365 in connection with the assumption of Amended Lease.  The Landlord and the Debtor have not come to agreement on the final terms of the Amended Lease and the Bankruptcy Code does not provide

---

[1]      The Debtor in this case, along with the last four digits of the federal tax identification numbers, is Cedar Haven Acquisition, LLC (8400).  The mailing address for the Debtor is 590 South 5th Avenue, Lebanon, Pennsylvania 17042.

[2]      The Plan does not meet the requirements of section 1129(a)(8) of the Bankruptcy Code because the Landlord has cast the only ballot in Class 4 against confirmation.  Because it is not clear whether the Debtor intends to attempt to "cram down" the Plan under section 1129(b) of the Bankruptcy Code, the Landlord notes this failure and reserves its rights to oppose any such confirmation attempt.  Further, because the balloting report has not yet been filed, the Landlord cannot tell whether the Plan has met the requirements of section 1129(a)(10) of the Bankruptcy Code.

any avenue by which the Debtor can force an amendment in the absence of the Landlord's consent. Second, it does not meet section 1129(a)(11) because the Plan is not feasible unless an agreement is reached on an Amended Lease.

## II.    BACKGROUND

The Landlord is the owner of certain real property and improvements in Lebanon, Pennsylvania, at which the Debtor operates a nursing home under an operating lease, dated as of December 1, 2017, as amended, between the Landlord and the Debtor (the "**Lease**"). The Debtor filed a voluntary chapter 11 bankruptcy petition on August 2, 2019. The Lease has not been assumed, the Court having entered an order approving the Stipulation of the Debtor and the Landlord extending the date by which the Debtor must assume or reject the Lease to April 30, 2022. (Dkt. 791.)

On October 8, 2019, the Debtor moved the Court for authority to sell substantially all its assets, including its rights under the Lease, and to approve certain bidding procedures governing that sale (Dkt. 124). Ultimately, the Debtor was not able to locate a buyer for its assets and it shifted to a reorganization process and seeks to confirm its First Amended Plan of Reorganization (the "**Plan**"). (Dkt. 760).

The Lease is dated December 1, 2017, is for a term of 30 years, and calls for a monthly rent payment of $270,000. (Plan, p. 18.) The Debtor is not able to reorganize under the terms of the current Lease. The Plan provides that the Debtor will enter into an Amended Lease with the Landlord, in accordance with the terms set forth on the Term Sheet attached to the Plan as Exhibit A. (Plan, p. 25 and Ex. A.) The terms of the Amended Lease as set forth on Exhibit A to the Plan include reducing the rent from $270,00 a month to $125,000 per month, among other things. (Plan, p. 25 and Ex. A.)

As of the filing of this Objection, no agreement has been reached between the Landlord and the Debtor on the final text of an Amended Lease.  In the absence of an agreed Amended Lease, the Plan cannot be confirmed.  The Debtor was to file its Plan Supplement, which was to include the Amended Lease and the Debtor's exit financing documents, by April 6, 2022 (Plan, p. 10), but it did not.

## III.    ARGUMENT

### A.    Burden of Proof

The Debtor bears the burdens of both introduction of evidence and persuasion that each subsection of section 1129(a) has been satisfied.  7 RICHARD LEVIN AND HENRY J. SOMMER, COLLIER ON BANKRUPTCY ¶ 1129.05[1][d](16th ed.)  The Debtor also bears the burden of proof by, at the least, a preponderance of the evidence as to the requirements of section 1129(b).  *See, e.g., Grogan v. Garner*, 498 U.S. 279 (1991) (preponderance of evidence standard is presumed to be applicable in civil actions between private litigants unless particularly important individual interests or rights are at stake).  *In re Armstrong World Industries, Inc.*, 348 B.R. 111, 120 fn.15 (D. Del. 2006) (finding preponderance of the evidence to be the appropriate standard of proof, but noting issue that a higher clear and convincing standard may be warranted when dealing with an objection of a secured creditor); 7 COLLIER ON BANKRUPTCY ¶ 1129.05[1][d] at 1129-142 fn.19 (noting both the preponderance of the evidence and clear and convincing standards, but finding preponderance of the evidence to be better reasoned view).

### B.    The Plan Does Not Comply with Sections 1129(a)(1) and 365 of the Bankruptcy Code

Section 1129(a)(1) requires that the Plan comply with the applicable provisions of the Bankruptcy Code, which in this case includes the requirements for the assumption of leases pursuant to section 365.  As part of the Plan, the Debtor seeks to amend and assume the Lease

DM2\15625766.2

pursuant to Section 365.  (Plan, Ex. A.)  However, the Lender and the Debtor have not agreed on

the final terms of the Amended Lease.  In the absence of such agreement, the Debtor cannot amend

the Lease—it must assume the Lease as it is, *cum onere*.  The Debtor does not have the authority

to modify the Lease on its own under section 365 of the Bankruptcy Code; the Bankruptcy Court

is without authority to rewrite the terms of the Lease.  *See In re Fleming Cos.*, 499 F.3d 300, 308

(3d Cir. 2007) ("The debtor may not blow hot and cold.  If he accepts the contract he accepts it

*cum onere*.  If he receives the benefits he must adopt the burdens.  He cannot accept one and reject

the other.") (internal quotations and alterations omitted); *In re ANC Rental Corp.*, 277 B.R. 226,

238 (Bankr. D. Del. 2002), *appeal dismissed*, 208 B.R. 808 (D. Del.), *aff'd*, 57 F. App'x 912 (3d

Cir. 2003).  As it stands, the Debtor cannot assume the Lease as amended in the absence of the

Landlord's consent—it will only be able to assume the Lease as written[3].

### C.    The Plan is Not Feasible Unless the Lease is Amended

Section 1129(a)(11) provides that a court shall confirm a plan only if:

> (11) Confirmation of the plan is not likely to be followed by the liquidation, or the
> need for further financial reorganization, of the debtor or any successor to the
> debtor under the plan, unless such liquidation or reorganization is proposed in the
> plan.

11 U.S.C. § 1129(a)(11).  This is what is referred to as the feasibility requirement and it requires

a plan to offer a reasonable prospect of success and a workable framework for reorganization.  7

COLLIER ON BANKRUPTCY ¶ 1129.02[11].  "The purpose of section 1129(a)(11) is to prevent

confirmation of visionary schemes which promise creditors and equity security holders more under

a proposed plan than the debtor can possibly obtain after confirmation."  7 COLLIER ON

---

[3]    There are many other reasons why the Debtor cannot assume the Lease unless it is amended, not least of
which is that the Debtor hasn't paid any rent since November of 2021 and the Plan makes no provision for cure of this
monetary default under section 365(b)(1)(A) of the Bankruptcy Code.  In the unlikely event that the Debtor attempts
to assume the Lease without amendment, the Landlord reserves its rights to contest its ability to do so.

BANKRUPTCY ¶ 1129.02[11].  The Debtor will not be able to continue operating as a going concern in the absence of the proposed amendment to the Lease.

## **CONCLUSION**

The Landlord hopes that it can reach agreement with the Debtor on the final terms of an amendment to the Lease.  Until then, the Plan cannot be confirmed.


Dated:  April 14, 2022
        Wilmington, Delaware

                                    **DUANE MORRIS LLP**

                                    */s/ John Robert Weiss*
                                    Michael R. Lastowski (DE 3892)
                                    1201 N. Market Street, Suite 501
                                    Wilmington, DE 19801-1160
                                    Telephone: (302) 657-4900
                                    Facsimile: (302) 657-4901
                                    E-mail:  mlastowski@duanemorris.com

                                    - and -

                                    John Robert Weiss (*Pro Hac Vice)*
                                    DUANE MORRIS LLP
                                    190 South LaSalle Street, Suite 3700
                                    Chicago, IL 60603-3433
                                    Telephone: (312) 499-0148
                                    Facsimile: (312) 277-6994
                                    jrweiss@duanemorris.com

                                    *Counsel to 590 South 5th Avenue LLC*