## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CEDAR HAVEN ACQUISITION, LLC,[1] | Case No. 19-11736 (JKS) |
| Reorganized Debtor. | **Hearing Date: November 2, 2022 at 10:00 a.m.** *(prevailing* Eastern Time)<br>**Objection Deadline: October 26, 2022 at 4:00 p.m.** *(prevailing* Eastern Time) |

### REORGANIZED DEBTOR'S MOTION FOR ORDER (I) GRANTING FINAL DECREE CLOSING THE CHAPTER 11 CASE OF CEDAR HAVEN ACQUISITION, LLC AND (II) TERMINATING CLAIMS AND NOTICING SERVICES

Cedar Haven Acquisition, LLC, as reorganized debtor ("**Reorganized Debtor**"), files this motion (the "**Motion**"), pursuant to section 350(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order and final decree, substantially in the form attached hereto (the "**Proposed Order**") (i) closing this chapter 11 case and (ii) terminating the services of Bankruptcy Management Solutions, Inc., d/b/a Stretto ("**Stretto**") as claims and noticing agent in this chapter 11 case. In support of the Motion, the Reorganized Debtor respectfully represents as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28

---

[1]     The Reorganized Debtor in this case, along with the last four digits of the federal tax identification numbers, is Cedar Haven Acquisition, LLC (8400). The mailing address for the Reorganized Debtor is 590 South 5th Avenue, Lebanon, Pennsylvania 17042.

U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Reorganized Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On August 2, 2019 (the "**Petition Date**"), the Reorganized Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court thereby commencing this chapter 11 case (the "**Chapter 11 Case**").

3.      A description of the Reorganized Debtor's business and operations and the events leading to the commencement of this Chapter 11 Case is set forth in the *Declaration of Charles B. Blalack in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 3].

4.      On February 25, 2022, the Reorganized Debtor filed the *Combined Disclosure Statement and Chapter 11 Plan of Reorganization of Cedar Haven Acquisition, LLC*.  On March 15, 2022, the Reorganized Debtor filed the *First Amended Combined Disclosure Statement and Chapter 11 Plan of Reorganization of Cedar Haven Acquisition, LLC* [Docket No. 760] (as amended, the "**Plan**").

5.      On July 28, 2022, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the First Amended Combined Disclosure Statement and Chapter 11 Plan of Reorganization of Cedar Haven Acquisition, LLC* [Docket No. 915] (the "**Confirmation Order**").[2]  On September 14, 2022 the Plan became effective [Docket No. 949].

---

[2]    Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

6.      As of the date hereof, the Reorganized Debtor has substantially consummated the Plan, and all of the distributions required to be made thereunder have been made or will be made in accordance with the terms of the Plan.

7.      As contemplated and required by the Plan and the Confirmation Order, all documents and agreements necessary to implement the Plan were executed in accordance with the terms of the Plan and Confirmation Order.

8.      With respect to any proofs of claim filed in this Chapter 11 Case, all have been or will be reconciled and objected to or allowed pursuant to the terms of the Plan.

9.      All expenses arising from the administration of the Reorganized Debtor's estate and this Chapter 11 Case, including court fees and fees arising under 28 U.S.C. § 1930(a)(6) ("**Section 1930 Fees**"), have been paid or will be paid when such fees and expenses come due.

## BASIS FOR RELIEF REQUESTED

### A.    FINAL DECREE CLOSING THIS CHAPTER 11 CASE.

10.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered, and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022 implements the Bankruptcy Code's requirements, providing similarly that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Local Rule 3022-1(a) provides that, "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid."

11.     The term "fully administered" is not defined in the Bankruptcy Code or Bankruptcy Rules.   The Advisory Committee Note to Bankruptcy Rule 3022 sets forth a

nonexclusive list of factors to be considered to determine whether a case has been fully administered.  These factors are: (1) whether the order confirming the plan has become final; (2) whether deposits required by the plan have been distributed; (3) whether the property proposed by the plan to be transferred has been transferred; (4) whether the debtor or the successor to the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (5) whether payments under the plan have commenced; and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

12.     Courts have affirmed the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (*citing In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990)); *see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

13.     In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated in determining whether to enter a final decree. *See In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R. at 493 (same).

14.     Finally, courts have also noted that entry of a final decree is appropriate to stop the accrual of Section 1930 Fees. *In re Junior Food Mart of Arkansas, Inc.*, 201 B.R. 522, 524 (Bankr. E.D. Ark. 1996) (closing case "in order that no further [Section 1930] [F]ees accrue"); *Jay Bee*, 207 B.R. at 539 (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" on account of the continuing accrual of Section 1930 Fees).

15.     This Chapter 11 Case has been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing it. Indeed, under the factors set forth above, this Chapter 11 Case should be closed.  Specifically:

(a)     the Plan was confirmed on July 28, 2022, and the Confirmation Order was not appealed and thus has become final;

(b)     all claims have been or will be reconciled, objected to, or allowed pursuant to the terms of the Plan;

(c)     the distributions provided for under the Plan have been made or will be made in accordance with the terms of the Plan;[3]

(d)     all motions and applications (other than this Motion and Professional Fee Claims), adversary proceedings, or contested matters in this Chapter 11 Case have been resolved; and

(e)     the Plan has been substantially consummated.

16.     Therefore, all of the factors described above demonstrate that this Chapter 11 Case has been "fully administered."  Moreover, the closing of this Chapter 11 Case will stop the accrual of Section 1930 Fees and, therefore, further supports approval of this Motion. *See, e.g., In re Jr. Food Mart of Arkansas, Inc.*, 201 B.R. at 524; Jay Bee, 207 B.R. at 539.  In addition, all Section 1930 Fees have been paid or will be paid as and when such fees come due.  As such, closing this Chapter 11 Case complies with Local Rule 3022-1.

---

[3] Distributions to Class 5 General Unsecured Claims will be made in the future consistent with the terms of the Plan, Art IV.D, E and Plan Term Sheet, but is not anticipated to be made in advance of the closure of the Chapter 11 Case.

17.     For all of the foregoing reasons, the Reorganized Debtor respectfully requests, pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, that the Court enter an order granting a final decree closing this Chapter 11 Case.

**B.      TERMINATION OF CLAIMS AND NOTICING SERVICES.**

18.     In addition to the foregoing, the Reorganized Debtor requests entry of an order terminating the claims and noticing services (the "**Services**") provided by Stretto pursuant to the *Order Authorizing Retention and Appointment of Stretto as the Claims and Noticing Agent Nunc Pro Tunc to the Petition Date* [Docket No. 39] (the "**Retention Order**"). Upon termination of the Services, and except as otherwise provided herein, Stretto will have no further obligations under the Retention Order to the Court, the Reorganized Debtor or the Estate, or any other party in interest with respect to the Services in this Chapter 11 Case.

19.     Pursuant to Local Rule 2002-1(f)(ix), within twenty-eight (28) days of entry of an order granting this Motion, Stretto will (a) forward to the Clerk of the Court an electronic version of all imaged claims; (b) upload the creditor mailing list into CM/ECF; and (c) docket in this case a Final Claims Register. Stretto also will box and deliver all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

20.     The Reorganized Debtor submits that its request to terminate the Services provided by Stretto on the terms described in this Motion complies with the Local Rules and is otherwise appropriate under the circumstances and, therefore, should be approved.

C.    **FINAL REPORT.**

21.    In accordance with Local Rule 3022-1(c), a final report of this chapter 11 case is attached hereto as **Exhibit A**.

## NOTICE

22.    Notice of this Motion shall be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the United States Attorney's Office for the District of Delaware, (c) the United States Attorney's Office for the Commonwealth of Pennsylvania; (d) counsel to Capital Finance, LLC, *Miles & Stockbridge P.C.*, 100 Light Street, Baltimore, Maryland 21202 (*Attn:* Joel L. Perrell, Jr., Esquire); (e) counsel to Capital Funding, LLC, *Whiteford Taylor Preston LLP*, (i) Seven Saint Paul Street, Suite 1500, Baltimore, Maryland 21202 (*Attn:* Edward U. Lee III, Esquire) and (ii) 200 First Avenue, Floor 3, Pittsburgh, Pennsylvania 15222 (*Attn:* Daniel R. Schimizzi, Esquire); (f) counsel to landlord, *Duane Morris LLP*, (i) 190 South LaSalle Street, Suite 3700, Chicago, Illinois 60603 (*Attn:* John R. Weiss, Esquire and Neville M. Bilimoria, Esquire), and (ii) 222 Delaware Avenue, Suite 1600, Wilmington, Delaware 19801 (*Attn:* Michael R. Lastowski, Esquire); (g) counsel to the Committee, *Potter Anderson & Corroon LLP*, 1313 North Market Street, 6th Floor, Wilmington, Delaware 19801 (*Attn:* Christopher M. Samis, Esquire, L. Katherine Good, Esquire, and Aaron H. Stulman, Esquire; and (h) any party requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Reorganized Debtor submits that no other or further notice is necessary.

23.    No previous request for the relief sought herein has been made by the Reorganized Debtor to this or any other court.

00034857.3

**WHEREFORE**, the Reorganized Debtor respectfully requests entry of the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: September 19, 2022
       Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

/s/ William E. Chipman, Jr.
_____
William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:    (302) 295-0191
Facsimile:    (302) 295-0199
Email:    chipman@chipmanbrown.com
        olivere@chipmanbrown.com

*Counsel for the Reorganized Debtor*