IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CEDAR HAVEN ACQUISITION, LLC,[1] | Case No. 19-11736 (JKS) |
| Reorganized Debtor. | **Related Docket No.** |

ORDER (I) GRANTING FINAL DECREE CLOSING THE
CHAPTER 11 CASE OF CEDAR HAVEN ACQUISITION, LLC
AND (II) TERMINATING CLAIMS AND NOTICING SERVICES

Upon consideration of the motion (the "**Motion**") of the Reorganized Debtor, pursuant to sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rules 2002-1(f) and 3022-1; and it appearing that the estate of the Reorganized Debtor has been fully administered; and the Court having found that good and sufficient cause exists for granting the Motion,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The case of Cedar Haven Acquisition, LLC, Case No. 19-11736 (JKS) is hereby **CLOSED**, effective upon the entry of this Order.

3. Nothing in this Order shall affect, modify or amend the terms of the Plan or Confirmation Order and the GUC Administrator shall retain all powers and rights granted to it in the Plan and Confirmation Order.

4. On or prior to January 31, 2023, the Reorganized Debtor shall (i) submit a post-confirmation quarterly report for the portion of the fourth quarter of calendar year 2022 during

---

[1] The Reorganized Debtor in this case, along with the last four digits of the federal tax identification numbers, is Cedar Haven Acquisition, LLC (8400). The mailing address for the Reorganized Debtor is 590 South 5th Avenue, Lebanon, Pennsylvania 17042.

00034857.3

which this Chapter 11 Case remained open and (ii) pay all Section 1930 Fees that are due and owing for such time period. The Office of the United States Trustee for the District of Delaware reserves the right to move to reopen this Chapter 11 Case in the event that such report is not submitted, and all Section 1930 Fees have not been paid on a timely basis.

5. The Services provided in this Chapter 11 Case by Stretto are terminated in accordance with the Motion and this Order. Thereafter, Stretto shall have no further obligations to this Court, the Reorganized Debtor, or any other party in interest with respect to any Services in the Chapter 11 Case.

6. Pursuant to Local Rule 2002-1(f)(ix), within twenty-eight (28) days of entry of this Order, Stretto shall (a) forward to the Clerk an electronic version of all imaged claims; (b) upload the creditor mailing list into CM/ECF; and (c) docket in this case a Final Claims Register. Stretto also shall box and deliver all original claims to the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

7. The Reorganized Debtor and its agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. Notwithstanding anything to the contrary, the terms and conditions of this Order will be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.